WILSTACH v. THE STATE, EX REL. SHEERN, ET AL.

PARTIES.—*Making New Party.*—*Constable's Bond.*—*Action for Breach.*—In an action by an execution creditor, as relator, against a constable and his sureties, on his bond, to recover for money alleged to have been collected by the constable on such execution, and converted by him to his own use, the defendants answered, admitting such collection, but averring that the same had been paid by the constable, by direction of the relator, to an attorney at law, who had control of an execution against the relator in such constable's hands, to be placed thereon to the relator's credit, and asking that such attorney be made a party defendant. Whereupon the latter, without any order of court making him a party defendant, appeared and answered the defendant's said answer, denying the same, and, without any issue being joined between the plaintiff and such attorney, judgment was rendered, on trial, against the latter, in favor of the plaintiff.

*Held,* on motion in arrest, that such attorney was not, and could not be made, a proper party defendant in such action, and that judgment should be arrested.

From the Tippecanoe Circuit Court.

*R. P. Davidson, J. C. Davidson, H. W. Chase* and *F. S. Chase,* for appellant.

HOWK, J.—In this action, Joseph Sheern, the appellee's relator, sued Thomas H. Price and others, not including the appellant, before a justice of the peace of Tippecanoe county, Indiana.

The complaint counted upon the official bond of said Thomas H. Price, as a constable of Fairfield township, in said county; and said Price and his sureties in said bond, of whom the appellant was not one, were the only de-

fendants named in said complaint. The bond was condi-
tioned, according to law, that said Price should faithfully
discharge his duties as such constable during his term of
office, and was dated and acknowledged by him and his
sureties on the 26th day of October, 1872.

In the complaint in this action, the appellee's relator
assigned, as a breach of the condition of said bond, the
following alleged facts, to wit:

That on August 12th, 1872, the said relator had recov-
ered a judgment, before a justice of the peace, against
one Samuel A. Hoover, for two hundred dollars; that on
February 13th, 1873, an execution was issued on said
judgment by said justice, and delivered to said Price, as
such constable, to be executed; that said Price, by virtue
of said execution, proceeded to and did collect the
amount due on said judgment, and received the money
from the execution defendant; and that the said Price,
as such constable, had wholly failed to pay over said
money, or to return said execution, although its return-
day had long since passed.

This suit was commenced before a justice of the peace,
on the 3d day of September, 1875; and, on the 16th
day of the same month, the said Thomas H. Price ap-
peared and filed his answer to said complaint. In his
answer, the said Price said, in substance, that he admit-
ted he had collected the money, mentioned in said com-
plaint, to wit, fifty dollars, but he averred, that, at the
time he received the same, he paid said money to John
A. Wilstach, Esq., (the appellant in this court,) by order
of the appellee's relator. This answer was verified by
the oath of said Price.

On the same day, before said justice, the appellee's re-
lator replied to the answer of said Thomas H. Price, and
said, that he denied the allegations of said answer, so far
as his alleged order was referred to, and he asked that
said John A. Wilstach be made a party in this suit.

And then, by common request and consent, before trial

or judgment by the justice, the cause and the papers therein were transferred from said justice to the court below for hearing and decision.

The appellant, John A. Wilstach, was not made a party to said action by any amendment of the complaint of the appellee's relator, or by any order of the justice or of the court below, or in any other legal mode. In the court below, the appellant, Wilstach, voluntarily appeared and filed what is called his "answer herein."

It appeared from this answer, that on September 12th, 1872, two executions had been issued by the same justice, on two judgments before him, both in favor of Foos & Mulligan, and both against said Joseph Sheern, the appellee's relator, and each for something over $175 and costs, and that both these executions had been delivered to said Thomas H. Price, as constable, to be executed; that the law firm of Chase & Wilstach, of which appellant was a member, were the attorneys of said Foos & Mulligan, and as such controlled both said executions; that said Price claimed, that of the moneys collected by him on the execution, in favor of said Joseph Sheern and against said Hoover, mentioned in the complaint, he had made two payments of fifty dollars each, by said Sheern's direction, to the appellant, John A. Wilstach, to be by him credited on said executions against said Sheern and in favor of said Foos & Mulligan; that said Price claimed, that he made the said payments to the appellant, the first on June 11th, 1873, and the second in July, 1873, but the day not given; that the appellant admitted the first of these payments, and that on the day of its payment he receipted therefor on one of the executions against said Sheern, and in favor of said Foos & Mulligan; but the appellant averred in the most positive and unequivocal terms, " that said Price, neither officially nor personally, nor in any other capacity whatever, directly or indirectly," paid the appellant, or his law firm, or either of them, " to the credit of said Sheern, in the transactions in

controversy herein, nor in any other transactions, during the time he held said writs, nor since, any other than said sum of fifty dollars, paid June 11th, 1873." This "answer" was duly verified, by the oath of the appellant.

If the appellant, in any way, became a party to the original action, brought by appellee's relator against said Thomas H. Price and his sureties, it must have been as a defendant, for he could not be a party plaintiff. Very singularly, however, the defendants in this action replied by a general denial to the appellant's answer, while the appellee's relator did not notice said answer in any way. The cause was tried by a jury in the court below, and the following verdict was returned:

"We, the jury, find for the plaintiff, and against the defendant, John A. Wilstach, and assess the plaintiff's damages at fifty-six & $\frac{75}{100}$ dollars."

The appellant moved the court below in writing for a new trial, which motion was overruled, and to this decision he excepted. His motion in arrest of judgment was also overruled; and, his exception having been saved to this decision, judgment was rendered by the court below on said verdict.

The errors assigned by the appellant, in this court, are the decisions of the court below in overruling his motion for a new trial, and his motion in arrest of judgment.

It seems very clear to us, that the verdict of the jury, in this case, had no sufficient foundation, either in law or in fact. On the question in dispute between the appellant, Wilstach, and the constable, Price, as to a second payment of fifty dollars, in July, 1873, we have carefully examined and considered all the evidence in the record; and, from this evidence, we think it is morally certain that this second payment was never made. If made at all, this payment was made in July, 1873, and on the Foos & Mulligan executions; but in his returns of these executions, made November 6th, 1873, when it may be

presumed that the matters were fresh in his memory, the constable, Price, made no allusion even to any other payment thereon, except the payment of fifty dollars, on June 11th, 1873. This written evidence, furnished officially by the constable, Price, so near the date of the alleged second payment, is entitled to, and should receive, more credence than his statements as a witness more than two years after the alleged transaction. This evidence is merely negative in its character, it is true, but to our minds it is none the less convincing.

But, however the fact may have been in regard to this alleged second payment, it is perfectly clear, we think, that there was not, and could not be, in this action, any issue for trial, as between the appellee's relator and the appellant, in regard to the amount of the disputed payment. This was an action by appellee's relator, on the official bond of Price, as constable, against him and his sureties therein, to which bond the appellant was a stranger. If the appellee's relator had amended his complaint, by making the appellant a party defendant therein, the complaint would not have stated any cause of action against the appellant. If the second payment had in fact been made to the appellant in such a manner, or under such circumstances as would have rendered him liable therefor to appellee's relator, the latter could not have maintained an action against the appellant for the amount so paid, either in the name of the State of Indiana, or upon the official bond of said Price, as constable. But in no manner or form, in this action, did the appellee's relator assert, or attempt to assert, any cause of action whatsoever against the appellant. It follows, therefore, that the court below erred in overruling the appellant's motion in arrest of judgment.

The judgment of the court below is reversed, at the costs of appellee's relator, and the cause is remanded, with instructions to sustain appellant's motion in arrest of judgment.